IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

SHANE SHEPHERD,
    Petitioner,

vs.                                          Case No.: 5:15cv161/MMP/EMT

WARDEN N.C. ENGLISH,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's motion to voluntarily dismiss (ECF No. 10). Petitioner requests dismissal of his § 2241 petition without prejudice, pursuant to Rule 41(a) (*id.*).

The provisions of Rule 41 provide:

**(a) Voluntary Dismissal.**

    **(1) By the Plaintiff.**

        **(A)** *Without a Court Order*. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

            **(i)** a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

            **(ii)** a stipulation of dismissal signed by all parties who have appeared.

        **(B)** *Effect*. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. . . .

    **(2)** *By Court Order; Effect*. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be

>dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a).

Here, Respondent filed a response to the § 2241 petition, requesting dismissal of the petition on the ground that the court lacks subject matter jurisdiction to consider it under § 2241 (*see* ECF No. 8). Respondent's pleading is in the nature of a motion to dismiss under Rule 12(b)(1), instead of an answer or motion for summary judgment. Therefore, Petitioner is automatically entitled to dismiss this habeas action. *See* Plains Growers, Inc. by and through Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc., 474 F.2d 250, 254 (5th Cir. 1973) (defendant's filing of motion to dismiss for lack of personal jurisdiction and challenging service of process did not preclude subsequent notice of dismissal by plaintiff under Rule 41(a)(1)); Universidad Cent. Del Caribe, Inc. v. Liaison Comm. on Med. Educ., 760 F.2d 14, 19 (1st Cir. 1985); Kilpatrick v. Tex. & P.R. Co., 166 F.2d 788 (2d Cir. 1948) (defendant's filing of motion to dismiss for lack of personal jurisdiction did not preclude subsequent notice of dismissal by plaintiff under Rule 41(a)(1)); La. Envtl. Action Network v. Jackson, 685 F. Supp. 2d 43, 46 (D.D.C. 2010) (plaintiff's motion to withdraw its claims against state defendant for lack of supplemental jurisdiction would be treated as notice of voluntary dismissal rather than motion to dismiss for lack of jurisdiction, and thus plaintiff had right to withdraw its claims against defendant without leave of court, even though defendant had filed a motion to dismiss for lack of subject matter jurisdiction, where defendant had not yet filed an answer to the complaint or moved for summary judgment); Cruz-Mendez. v. Hosp. Gen. Castaner, Inc., 637 F. Supp. 2d 73, 76–77 (D.P.R. 2009) (in medical malpractice action brought by plaintiffs against hospital and other defendants, voluntary dismissal of action without prejudice was appropriate; defendants' motion to dismiss for lack of subject-matter jurisdiction did not defeat right of dismissal by notice without prejudice, defendants did not answer complaint nor file motion for summary judgment). Further, because Petitioner requests dismissal without prejudice, and Respondent has not pleaded a counterclaim—nor does it appear that Respondent will suffer "clear legal prejudice" if the habeas petition is voluntarily dismissed without prejudice—the case will be dismissed without prejudice. *See* McCants v. Ford Motor Co., 781 F.2d 855, 856–57 (11th Cir. 1986).

Case No.: 5:15cv161/MMP/EMT

Accordingly, it is respectfully **RECOMMENDED**:

1. That Petitioner's motion to voluntarily dismiss (ECF No. 10) be **GRANTED**; and

2. That this habeas action be **DISMISSED without prejudice**.

At Pensacola, Florida this 9th day of November 2015.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**